*In re* MARRIAGE OF CELINA EDELSTEIN, Petitioner-Appellee and Cross-Appellant, and BARRY EDELSTEIN, Respondent-Appellant and Cross-Appellee.

First District (1st Division)   Nos. 79-137, 79-546 cons.

Opinion filed March 10, 1980.—Modified on denial of rehearing April 21, 1980.

CAMPBELL, J., dissenting in part.

Howard Kilberg, of Chicago, for appellant.

William J. Harte, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Respondent Barry Edelstein appeals and petitioner Celina Edelstein cross-appeals from a judgment dissolving their marriage. Six years prior to the divorce the parties separated and continued to live apart. Under the terms of the judgment, respondent's child-support payments were increased from $250 per month to $1,000 per month. He was also required to pay all of their son's summer camp tuition and half of petitioner's attorney's fees.

On appeal, respondent argues that the trial court erred (1) in increasing his child-support payments to $1,000 per month and (2) in ordering him to pay part of petitioner's attorney's fees.

On cross-appeal, petitioner argues (1) that the trial court's award of $1,000 per month for child support is inadequate; (2) that the trial court erred in requiring her to pay part of her attorney's fee; (3) that the trial court erred in permanently barring her from receiving maintenance; and (4) erred in requiring her to share in financing her son's education.

We affirm in part, reverse in part and remand with directions.

Petitioner and respondent were married on June 25, 1960. As a result of that marriage, a son, Scott, was born. Scott is 13 years of age. In 1972 the parties separated. At that time respondent was in his residency in radiology and earning $17,111 per year. Petitioner was employed as a research technician. From that time until the present, the parties have lived separately and been gainfully employed. In 1978 petitioner earned $17,500 as a research technician and respondent earned $75,000 as a physician.

In 1972 petitioner filed a petition for the dissolution of their marriage. The trial court ordered respondent to pay petitioner $250 per month for child support.

In 1978, the matter was heard. A judgment dissolving their marriage was entered on November 2, 1978. In addition, the judgment increased respondent's monthly child-support payments from $250 to $1,000, ordered respondent to pay 100 percent of Scott's summer camp tuition, and awarded petitioner $3,250 in attorney's fees. Respondent appeals and petitioner cross-appeals.

On appeal, respondent first argues that the trial court erred in raising his child-support payments from $250 per month to $1,000 per month. In support of this contention, respondent contends that in arriving at the $1,000 per month figure, the trial court considered only respondent's ability to pay, rather than the needs of the child. Respondent further challenges the award on the grounds that it represents 58% of petitioner's

household expenses. As such, it improperly relieves petitioner of any responsibility for the financial support of the child.

Petitioner, on the other hand, argues that $1,000 per month is inadequate because it fails to reflect the standard of living Scott would have enjoyed had the parties' marriage not been dissolved. It is also inadequate, she argues, because the trial court failed to consider the relative needs and resources of the parties.

■▌ In Illinois, the financial responsibility for the support of the child is a joint and several obligation of each parent. (*Riordan v. Riordan* (1977), 47 Ill. App. 3d 1019, 365 N.E.2d 492; *Hursh v. Hursh* (1975), 26 Ill. App. 3d 947, 326 N.E.2d 95.) Determination of the proper amount lies within the sound discretion of the trial court and will not be set aside unless contrary to the manifest weight of the evidence. (*Sandberg v. Sandberg* (1973), 11 Ill. App. 3d 495, 297 N.E.2d 654.) Those factors to be considered are the financial resources of the child, the financial resources and needs of the custodial parent, the standard of living the child would have enjoyed had the marriage not been dissolved, the physical and emotional condition of the child and his educational needs, and the financial resources and needs of the noncustodial parent or parents. Ill. Rev. Stat. 1977, ch. 40, par. 505.

■ Reviewing all of the pertinent facts in the present case, we believe the award of $1,000 per month for child support was proper. While the language of the judgment indicates that the only factor considered by the trial court was respondent's increased ability to pay, other factors support the award.

First, there are the financial resources and needs of petitioner as custodial parent. While she earns $1,458 per month, she and Scott have combined monthly living expenses of $1,865.06. Thus her income fails to meet their financial needs by nearly $400 each month. The second important factor to be considered here is the standard of living Scott would have enjoyed had the marriage not been dissolved. Had the marriage not been dissolved, Scott would have enjoyed a standard of living based on combined incomes of $92,500, a substantial sum to say the least. When one considers petitioner's financial resources and the standard of living Scott would have enjoyed, $1,000 per month for child support is not an unreasonable amount.

Respondent next argues that the trial court erred in awarding petitioner $3,250 in attorney's fees. Respondent contends that petitioner is not entitled to attorney's fees since she earns $17,500 per year and has been self-supporting for six years.

On cross-appeal petitioner argues that the trial court erred by not requiring respondent to pay all of her $6,250 in attorney's fees.

■ The issue of attorney's fees rests largely within the discretion of the trial court. (*Knox v. Knox* (1975), 31 Ill. App. 3d 816, 334 N.E.2d 891.)

Here the trial court determined that respondent should pay somewhat more than half of petitioner's attorney's fees. We do not believe the trial court abused its discretion. The attorney's fees were substantial, particularly for someone earning $17,500 per year. Because of respondent's proportionately greater income, we think it appropriate that he share in paying petitioner's attorney's fees.

Petitioner next argues that the trial court erred in permanently barring her from receiving maintenance from respondent.

We disagree. The record discloses that since 1972, when the parties separated, petitioner has lived comfortably and been totally self-supporting. She currently earns $17,500 per year as a research technician at the University of Chicago, where she has been steadily employed since 1963. She also has $1,700 in a savings account. Her position at the University appears secure and she participates in a pension program there.

Petitioner cites *Arnold v. Arnold* (1947), 332 Ill. App. 586, 76 N.E.2d 335, for the proposition that the standard of living established during their marriage is measured at the time of the divorce decree. Relying on this principle, she contends that she is entitled to receive alimony because her income cannot support the living standard established during the marriage.

*Arnold* is distinguishable. That case did not involve a situation where the parties were separated and self-supporting for six years prior to the divorce. Further, evidence in this case suggests that petitioner may have intentionally delayed proceeding with this matter until respondent finished his residency and become an established physician with a substantially higher income.

Lastly, petitioner argues that the trial court erred in requiring her to pay Scott's private school tuition and share in the cost of his college and professional education.

We agree. Our review of the record indicates that Scott's tuition and books amount to $100 a month. The trial court ruled that this amount should be paid out of the $1,000 per month petitioner receives as child support. We believe that Scott's tuition and books, along with the cost of his college and professional education, should be paid by respondent. We further believe that these expenses should be paid separately by respondent and not be included as part of the $1,000 per month petitioner will be receiving as child support. Considering the great disparities in incomes between the parties, we think it fair and equitable that the cost of Scott's education be paid by respondent. This result, we believe, is in keeping with the provisions of section 513 of the Illinois Marriage and Marriage Dissolution Act (Ill. Rev. Stat. 1977, ch. 40, par. 513.)

For the foregoing reasons, the judgment of the circuit court of Cook

County is affirmed in part and reversed in part with directions that the trial court enter an order consistent with this opinion.

Judgment affirmed in part, reversed in part; cause remanded with directions.

O'CONNOR and CAMPBELL, JJ., concur.