*In re* MARRIAGE OF CAROL LEVA, Petitioner-Appellant, and HARVEY LEVA, Respondent-Appellee.

First District (2nd Division)   No. 82—2567

Opinion filed July 19, 1983.

Propp & Schultz, of Chicago, for appellant.

Feiwell, Galper & Lasky, Ltd., of Chicago (Michael J. Berger, Lawrence S. Starkopf, and Andrew D. Eichner, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Petitioner Carol Leva appeals from an order of the circuit court modifying respondent Harvey Leva's support obligation for the parties' two minor children from $400 to $700 per month. The issues are (1) whether the increase in child support was inadequate, and (2) whether the trial court abused its discretion by declining to make the modification order retroactive to the date the petition to modify child support was filed.

A judgment for divorce was entered on March 21, 1975. Petitioner was granted custody of the parties' two sons, then ages six and seven. Respondent was ordered to pay child support in the amount of $400 per month, plus maintenance of $300 per month. At that time,

petitioner's annual gross income was $7,000 and respondent's gross income was $24,000. In addition, respondent owned a condominium at 200 East Delaware in Chicago (the Chicago apartment) in which his equity was $3,000. The equity in the marital home was divided 60 percent to petitioner and 40 percent to respondent.

On August 6, 1981, petitioner filed a petition for an increase in child support. Due in part to respondent's failure to comply with discovery for a five-month period, the hearings on the merits of the petition were not held until August 23 and September 2, 1982.

At the time of the hearings, the parties' two minor children were 13 and 14 years old. Petitioner testified that the costs of raising the children included their clothing and necessities in addition to school expenses, religious education, summer camp and other activities. As a result, her expenses went from $1,000 per month in 1975 to $2,600 per month. Her gross income had increased to $21,400 or a net of about $1,400 per month, and her assets included $12,000 in a money market account and $9,000 in a pension fund.

Respondent introduced the following evidence with regard to his ability to bear a portion of the increased costs of supporting the children. His gross salary was $75,000 or a net of about $4,700 per month. The equity in his assets, which totaled about $268,000, included: (a) $100,000 in a cash management account; (b) the Chicago apartment (market value of $110,000; mortgage balance of $40,000); (c) two condominium apartments in Stamford, Connecticut (combined market value of $104,000; mortgage balance of $81,000); (d) a single-family residence in Texas (market value of $185,000; mortgage value of $125,000); and (e) his own residence in Texas (market value of $185,000; mortgage of $150,000). Respondent testified that he suffered from a disease known as progressive spasticity for which his physician prescribed daily dosages of the drugs Leoracil and Valium.

The trial court then took the matter under advisement. On September 28, 1982, the court issued an order finding that petitioner met her burden of establishing a substantial change in circumstances since the entry of the divorce decree and increased respondent's child support obligation from $400 to $700 per month, effective September 1, 1982. As stated above, petitioner contends on appeal that the child-support increase was inadequate and that the order should have been made effective retroactive to the date the petition for modification was filed.

The financial responsibility for the support of a child is the joint obligation of the parents. (*Edelstein v. Edelstein* (1980), 82 Ill. App. 3d 574, 576, 403 N.E.2d 323.) In general, determination of the proper

amount of support lies within the sound discretion of the trial court and will not be set aside unless contrary to the manifest weight of the evidence. *In re Marriage of Kessler* (1982), 110 Ill. App. 3d 61, 73, 441 N.E.2d 1221.

The Illinois Marriage and Dissolution of Marriage Act (the Act) states that the child support provision within a judgment of dissolution of marriage:

"*** may be modified only as to installments accruing subsequent to the filing of the motion for modification *** and only upon a showing of a substantial change in circumstances." (Ill. Rev. Stat. 1981, ch. 40, par. 510(a).)

The relevant factors to be considered by the trial court in assessing the financial obligation to be imposed upon each parent to support his or her children are:

"(1) the financial resources of the child;

(2) the financial resources and needs of the custodial parent;

(3) the standard of living the child would have enjoyed had the marriage not been dissolved;

(4) the physical and emotional condition of the child, and his educational needs; and

(5) the financial resources and needs of the noncustodial parent or parents." Ill. Rev. Stat. 1981, ch. 40, par. 505(a).

Applying the factors to this case, petitioner testified that her expenses as the custodial parent total about $2,600 per month. Her net income is $1,400 per month plus $300 in maintenance, leaving a deficit of $900 per month. Respondent's net earnings are about $4,700 per month; he has not remarried and has no other dependents. If we were to let stand the trial court's child support order of $700 per month, petitioner would have $2,400 to support herself and the children, or a deficit of $200 per month. Respondent, on the other hand, would have substantial discretionary income remaining which would have enhanced the children's standard of living had the marriage not been dissolved. (See *In re Marriage of Fairchild* (1982), 110 Ill. App. 3d 470, 477, 442 N.E.2d 557.) We conclude that under these circumstances, respondent should bear a greater portion of the support obligation for the children so as to compensate for the deficit incurred by petitioner.

The next issue is whether the decree should have been modified retroactive to the date on which the petition was filed. We recognize that there is some delay in disposing of post-decree petitions inherent in the judicial process due to securing service on the parties, to completing discovery, and to the court's calendar. The question

58

whether modification of child support should be retroactive is therefore within the discretion of the trial court. (Ill. Rev. Stat. 1981, ch. 40, par. 510(a); *Harner v. Harner* (1982), 105 Ill. App. 3d 430, 436, 434 N.E.2d 465.) In this case, there was an interim of over one year between the filing of the petition and the entry of the order. At least five months of that delay, however, was attributable to respondent's wilful failure to comply with petitioner's discovery requests. We believe that it would be inequitable to allow respondent to benefit by his defiance of the Supreme Court Rules due to his dilatory behavior. Consequently, the support order should be made effective retroactive five additional months, to April 1, 1982.

In summary, the judgment of the circuit court is affirmed insofar as it found that petitioner met her burden of proving a substantial change in circumstances; the cause is remanded to the circuit court for consideration of an appropriate increase in respondent's child support obligation, which will become effective retroactive to April 1, 1982.

Affirmed and remanded with directions.

DOWNING, P.J., and HARTMAN, J., concur.