*In re* MARRIAGE OF KENNETH BUSSEY, Petitioner-Appellant, and JEANNE BUSSEY, a/k/a Jeanne Fincher, Respondent-Appellee.

Fourth District   No. 4—83—0829

Opinion filed November 7, 1984.

Arthur M. Lerner, of Greaves, Lerner & Kirchner, of Champaign, for appellant.

Mel Sloan, of Mel Sloan Ltd., of Chicago, for appellee.

JUSTICE GREEN delivered the opinion of the court:

In this matrimonial case, we again confront the difficult problem which this court analyzed in detail in *In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, 443 N.E.2d 289. It concerns interpretation of

article VI, section 9, of the Illinois Constitution of 1970 which states that, with exceptions immaterial here, "[c]ircuit courts shall have original jurisdiction of all justiciable matters." In *Mears*, this court held that the lack of compliance with certain statutory procedures did not deprive the trial court of subject-matter jurisdiction of a probate proceeding. Here, we hold that similar failures did not deprive the trial court of subject-matter jurisdiction of a proceeding under the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1981, ch. 40, par. 101 *et seq.*). We also conclude that the trial court did not err in modifying child support provisions of an Indiana divorce decree and in awarding attorney fees to the spouse prevailing. We affirm.

On August 18, 1981, petitioner, Kenneth Bussey, filed a petition in the circuit court of Champaign County against respondent, Jeanne Bussey, a/k/a Jeanne Fincher. The petition alleged that the parties had been divorced pursuant to a decree, a copy of which was attached, entered on or about March 8, 1976, by the circuit court of Marion County, Indiana, and that the decree awarded custody of the two minor children of the marriage to respondent. Petitioner requested that he be granted the custody of the children. On March 3, 1983, respondent filed a cross-petition, amended May 31, 1983, requesting that the Indiana judgment be modified to award her increased support for the two children.

After an evidentiary hearing, the trial court entered orders on January 18, 1983, August 19, 1983, and November 30, 1983, the combined effect of which was (1) to deny the request for change of custody, (2) to increase the award of support payments for the two children from the total sum of $600 per month to the sum of $1,800 per month, and (3) to award respondent attorney fees in the sum of $10,092.33.

Petitioner has appealed the portions of the order increasing the amount of support payments and awarding attorney fees. His first contention raised on appeal is that the trial court lacked subject-matter jurisdiction of the proceedings in that court and, accordingly, was without power to enter the order. Petitioner concedes that the point is being raised for the first time on appeal, but correctly states that the question of subject-matter jurisdiction cannot be waived and may be raised at any time. (*Rothert v. Rothert* (1982), 109 Ill. App. 3d 911, 918, 441 N.E.2d 179, 183.) Petitioner also maintains that (1) the trial court abused its discretion in increasing the amount of the support payments and in ordering him to pay for certain expenses, and (2) the award of attorney fees was improper.

We consider the question of jurisdiction first. Although the pleadings made no reference to any particular statute under which the proceedings were being brought, the parties contend that they intended to invoke the provisions of section 511 of the IMDMA (Ill. Rev. Stat. 1981, ch. 40, par. 511), which concerns the procedure for modification of judgments of dissolution of marriages. Subsection (c) of that section states:

> "In any post-judgment proceeding to enforce or modify the judgment of another state, the moving party shall commence the proceeding by filing a petition to enroll that judgment, attaching a copy thereof as a part of the petition and proceed as provided for in paragraph (b) hereof." Ill. Rev. Stat. 1983, ch. 40, par. 511(c).

Two statutory provisions were applicable to proceedings to "enroll" foreign judgments at the time of the filing of the original petition on August 18, 1981. Section 3 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1981, ch. 77, par. 90, now ch. 110, par. 12—603) stated that a petition for "registration" of a foreign judgment should be verified and set forth "the date of its entry and any subsequent facts, circumstances or legal proceedings affecting it." The section required the clerk of the court in which the petition was filed to notify the clerk of the court entering the judgment of the filing of the petition and request the clerk to file that information with that judgment. The section concluded by stating, "[t]he filing of the petition constitutes registration of the foreign judgment." Section 511(b) of IMDMA, referred to in section 511(c) of that Act, provided that a proceeding to modify a judgment of another court of this State should be commenced by filing a petition to "establish" the judgment with the clerk giving notice of the filing by mail to the clerk of the court where the judgment was "entered and last modified in the same manner as notice is mailed when registering a foreign judgment." Ill. Rev. Stat. 1981, ch. 40, par. 511(b).

The original petition here contained a copy of the Indiana decree sought to be modified, but it did not request that the decree be registered. The record contains no indication that the stated notice was sent by the clerk of the trial court to the clerk of the court entering the decree. As there was no request to register the decree, there would have been no reason for the clerk to send such a notice. No judgment registering the Indiana decree was ever entered, but no new judgment is necessary to merely register the foreign judgment. By the terms of section 3 of the Uniform Act, the filing of a proper petition would have constituted "registration." (See *Employers' Lia-*

*bility Assurance Corp. v. Coronet Insurance Co.* (1969), 106 Ill. App. 2d 24, 245 N.E.2d 629.) However, because of the lack of request for registration and the lack of notice between the clerks, petitioner maintains that the trial court lacked subject-matter jurisdiction.

Petitioner's theory is based upon the argument that the trial court's subject-matter jurisdiction arises from section 511 of the IMDMA, and, absent conformity to that legislation, there was no such jurisdiction in that court. Petitioner refers to the case of *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785, where the Second District, in deciding that a trial court had subject-matter jurisdiction in a similar type case, held that enrollment of the foreign decree made the request for modification justiciable and thus vested the circuit court with subject-matter jurisdiction.

Following our decree in *Mears*, we make a somewhat different analysis of the question of subject-matter jurisdiction. There, we concluded that under recent supreme court decisions, a trial court's jurisdiction arises from the constitution rather than from the statutes. We stated that "the inquiry must be whether there exists a justiciable controversy, and if so, are there any statutory conditions precedent to judicial intervention." (*In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, 1138, 443 N.E.2d 289, 293.) The tenor of the *Mears* opinion was that the statutory conditions precedent would not be extensive nor require strict compliance. The doctrine of *Selden v. Illinois Trust & Savings Bank* (1909), 239 Ill. 67, 87 N.E. 860, that strict compliance with statutory requirements was necessary for a court to have subject-matter jurisdiction of a statutory proceeding, was stated to no longer be the law.

■■ Counsel for petitioner has made a forceful, admirably straightforward argument distinguishing this case from many cited in support of the theory that the court had subject-matter jurisdiction. Counsel has also pointed out that under traditional concepts of subject-matter jurisdiction in a statutory proceeding, jurisdiction would have been held to be lacking. He also seeks to distinguish this case from *Mears*. However, we are convinced that, as in *Mears*, only minimal activity is necessary to comply with the condition precedent to enable the court to acquire jurisdiction, and that was met here with the filing of the original petition accompanied by a copy of the Indiana order. That petition set forth a "justiciable" matter. Any procedural failures were of a nature that could have been corrected if raised in the trial court, do not go to the question of jurisdiction, and cannot be raised for the first time on appeal. We hold that the trial court acquired subject-matter jurisdiction upon the filing of the peti-

tion.

■ We now turn to the merits. The essential circumstance justifying the trial court order imposing such a substantial burden upon petitioner is that when the divorce decree was entered he was a physician and surgeon in the armed forces with a commensurate income. He is now in a clinical practice with a net monthly income of $14,000 and has substantial accumulation of assets. The trial court was permitted to consider the lifestyle the children would have lived in had the divorce not taken place. (*In re Marriage of Raidbard* (1980), 87 Ill. App. 3d 158, 408 N.E.2d 1021.) We recognize that respondent had an income, without working, of some $2,300 per month and some social security payments which were to be used for the benefit of the children. Petitioner accurately points out that respondent's evidence of the needs of the children for support payments in the amount of $900 per month per child over and above the social security money which she had available for them was not well documented. We recognize that maintenance should not be given in the guise of support. However, considering that the support payments of $1,800 per month constitute less than one-seventh of petitioner's net income, we find no breach of discretion in the trial court's determination.

The modified decree also requires petitioner to pay substantial additional sums for private schooling and counseling for the children. The evidence indicated uncertainty as to whether either was necessary or will actually take place. We cannot say that a determination as to the desirability of either was beyond the proper discretion of the trial court. The order of modification wisely conditioned any requirement for payment in this respect upon the charges actually being imposed. No error resulted.

■ The court ordered petitioner to pay $10,092.33 to respondent's attorney as petitioner's 90% share of the fees and expense reimbursements to which the attorney was entitled. Although the case was tried in Champaign County, the respondent obtained counsel from Cook County. The fees were fixed at a rate somewhat higher than that which was customary in Champaign County. Respondent maintained that she needed counsel from outside the area because of petitioner's prestige in Champaign County. The record gives no evidence of why that would be necessary. However, the proceedings were lengthy, and the relief obtained for respondent was very substantial. Much of the controversy concerned the custody of the children. A ruling was obtained which was not appealed by petitioner. While his decision not to appeal is likely because he does not wish to further subject the children to dispute, respondent's success is a factor to consider in

justifying the fees.

As there is no transcript of the custody hearing before us, we cannot know of the details of the services performed by respondent's counsel in that dispute. Considering all the information before us, we cannot say that the fee award was excessive.

Because we determine that the trial court had jurisdiction of the case and did not abuse its discretion in the rulings it made, we affirm.

Affirmed.

TRAPP and WEBBER, JJ., concur.