(No. 61132.-

*In re* MARRIAGE OF KENNETH BUSSEY, Appellant, and JEANNE BUSSEY, Appellee.

*Opinion filed October 3, 1985.*

Arthur M. Lerner, of Greaves, Lerner & Kirchner, of Champaign, for appellant.

Mel Sloan, of Mel Sloan, Ltd., of Chicago, for appellee.

JUSTICE RYAN delivered the opinion of the court:

Petitioner, Kenneth Bussey, appealed from an order of the circuit court of Champaign County increasing his child-support payments and ordering him to pay 90% of his former wife's attorney fees. Petitioner contended that the circuit court was without jurisdiction to modify the original decree because the decree was issued in Indiana and was not properly enrolled in Illinois. Petitioner also contended that the circuit court abused its discretion by increasing the child-support payments and by awarding attorney fees. The appellate court rejected petitioner's contentions and affirmed the circuit court's decision. (128 Ill. App. 3d 730.) We granted leave to appeal pursuant to our Rule 315 (94 Ill. 2d R. 315). We now affirm the circuit court of Champaign County.

Petitioner and his former wife, respondent Jeanne Bussey Fincher, were divorced in Marion County, Indiana, in 1976. The divorce decree awarded the custody of the couple's two children, Brent, born March 3, 1971, and Kimberly, born August 8, 1973, to the respondent. The divorce decree also ordered petitioner to provide child support.

In January of 1981 respondent requested petitioner to take physical custody of the children. Since the record of the subsequent change-in-custody proceeding is not before this court, we will not speculate as to the reasons for this request or the contemplated length of the requested change in physical custody.

On August 18, 1981, petitioner instituted the present action by filing a petition for a change in custody in the circuit court of Champaign County, Illinois. The verified petition referred to the Indiana divorce decree and requested that it be modified to give custody to petitioner. A certified copy of the decree, sworn to be true and correct, was attached to the petition.

The respondent opposed any change in custody. On January 18, 1983, the circuit court of Champaign County, after hearing testimony and arguments, denied petitioner's motion to modify the custody provisions of the divorce decree and reawarded permanent custody of both children to Mrs. Bussey. The court reserved ruling on child support. No appeal was taken from the denial of Dr. Bussey's petition for change in custody.

On March 13, 1983, respondent filed her own petition in Champaign County requesting that the original decree in the matter be modified to provide an increase in child support. Respondent's petition referred to the original decree as having been "enrolled in the circuit court of Champaign County," presumably by petitioner's change-in-custody petition. Respondent's attorney also filed a petition for attorney fees.

A hearing was held on respondent's modification-of-support petition, and written arguments were submitted. On August 19, 1983, the circuit court modified petitioner's child-support obligation under the decree to provide that he pay $900 per month per child; all medical, dental, orthodontic and other physical health care expenses of the children; one-half of all expenses incurred for counseling, testing or other sources relating to the mental or emotional health of the children up to a maximum of $1,500 per year per child; and one-half of the tuition for any private school for either or both children up to a maximum of $300 per month per child. The circuit court also ordered petitioner to pay 90% of respondent's attorney fees.

Petitioner now contends that the circuit court of Champaign County was without subject matter jurisdiction to modify the Indiana divorce decree because the decree was not properly enrolled in Illinois. We disagree because the change-in-custody petition filed by the petitioner was sufficient to enroll the decree. As noted in

the appellate court opinion, the question of subject matter jurisdiction was not raised in the trial court. 128 Ill. App. 3d 730, 731.

Section 511 of the "Illinois Marriage and Dissolution of Marriage Act" provides in part:

> "A judgment of dissolution or of legal separation or of declaration of invalidity of marriage *may be* enforced or *modified* by order of court *pursuant to petition.*
>
> (a) Any judgment entered within this State *may be* enforced or *modified* in the judicial circuit wherein such judgment was entered or last modified *by the filing of a petition* with notice mailed to the respondent * * * .
>
> (b) In *any post-judgment proceeding to enforce or modify* in one judicial circuit *the judgment* of another judicial circuit of this State, *the moving party shall commence the proceeding by filing a petition establishing the judgment and attaching a copy of the judgment as a part of the petition.* The parties shall continue to be designated as in the original proceeding. Notice of the filing of the petition shall be mailed to the clerk of the court wherein the judgment was entered and last modified in the same manner as notice is mailed when registering a foreign judgment. Summons shall be served as provided by law.
>
> (c) In *any post-judgment proceeding to enforce or modify the judgment* of another state, *the moving party shall commence the proceeding by filing a petition to enroll that judgment,* attaching a copy thereof as a part of the petition and proceed as provided for in paragraph (b) hereof." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 40, par. 511.

The wording of section 511 emphasized above indicates that only one petition is required in order to commence a proceeding to modify a judgment. A party is not required to file a petition to "enroll" the judgment and another separate petition to "modify" the judgment.

The present action was commenced by the petitioner

filing his petition for a change in custody. A certified copy of the Indiana decree, sworn to be true and correct, was attached to the petition as required by section 511(c). The petition referred to the Indiana decree and requested the court to modify the decree by giving custody of the children to the petitioner. The petitioner's "petition to change custody" was sufficient to constitute a "petition to enroll" the judgment as contemplated by section 511(c). In fact, in petitioner's brief in this court he refers to the petition he filed on August 18, 1981, as a petition to change custody and "to register the foreign judgment."

Petitioner contends that the decree was not properly enrolled in Illinois because notice of the filing of the petition was not sent to the clerk of the issuing court in Indiana. The failure to file notice in Indiana, however, did not affect the jurisdiction of the circuit court in Illinois. Section 511 provides that a proceeding to modify a judgment is commenced by the filing of the petition; not the filing of notice with the issuing court. (Ill. Rev. Stat. 1983, ch. 40, par. 511(c).) Section 511(b) provides that notice to the issuing court is to be given in the same manner as notice is given when registering a foreign judgment. (Ill. Rev. Stat. 1983, ch. 40, par. 511(b).) When registering a foreign judgment "[t]he filing of the petition [for registration] constitutes registration of the foreign judgment." (Ill. Rev. Stat. 1983, ch. 110, par. 12—603.) Thus, under the registration-of-foreign-judgment provisions of the Code of Civil Procedure, the failure to give notice to the issuing court does not defeat registration of the foreign judgment. (See also *Snyder v. Nelson* (1983), 213 Neb. 605, 331 N.W.2d 252.) Just as the rule governing the manner of sending notice to the issuing court is the same under the Illinois Marriage and Dissolution of Marriage Act and the Code of Civil Procedure by analogy, so should be the effect of the failure to

send notice.

The purpose of giving notice to the clerk of the issuing court is to "afford reasonable protection to any person who might for any reason rely on the record of the original judgment without having received other notice of the pendency of the registration proceeding." (13 Unif. Laws Ann. 196 Commissioners' Comments (1980).) The failure to send notice to the clerk of the issuing court in Indiana did not deprive the circuit court of Champaign County, Illinois, of jurisdiction to modify the judgment.

The content of the petitioner's August 18, 1981, petition was sufficient to comply with the requirements of section 511(c) to enroll the Indiana decree as a decree or judgment of the circuit court of Champaign County. Following a contested hearing, the Champaign County circuit court found that it was in the best interest of the minor children that their custody be awarded to the respondent, and the court denied the petition for a change of custody. In essence, by this order the Indiana decree was recognized and affirmed, and became a judgment or decree of the Illinois court.

The appellate court's opinion in this case held that strict compliance with statutory requirements is no longer necessary for a court to acquire subject matter jurisdiction of a proceeding provided by statute. As noted by the appellate court in this case, the trial court's jurisdiction here is found in the Constitution (Ill. Const. 1970, art. VI, sec. 9), which provides that the circuit court shall have original jurisdiction in all "justiciable" matters (with certain exceptions). Its jurisdiction does not depend upon the provisions of section 511(c). That section merely provides the procedure for making a judgment of a court in another State subject to enforcement or modification in a court in this State. Any procedural failures that occurred in the trial court could have

been corrected if raised in that court. The same do not go to the question of jurisdiction. (128 Ill. App. 3d 730, 733.) The petitioner, the respondent and the children were all residents of Illinois. The parties submitted to the jurisdiction of the Illinois court and sought relief from that court of a "justiciable" matter within its jurisdiction. As noted above, the original petition and the order entered on the issues raised therein were sufficient to make the Indiana decree enforceable in the Illinois courts and subject to modification pursuant to the provisions of section 511(c).

Petitioner next contends that the circuit court erred in increasing his child-support obligation. Before addressing the merits of this argument, we must point out that petitioner's brief misconstrues the provisions of the modification order. Petitioner complains that the order requires him to pay $1,500 per year for counseling and $300 per month per child for private schools. Petitioner argues that "counseling and education should be the joint effort of the parents and should be the type of thing determined by a court if there is a need shown." Contrary to the petitioner's argument, the order does not tax the cost of the counseling and private education solely on the petitioner, nor does it require him to pay a specific dollar amount. The order provides that the petitioner is responsible for "one half of all expenses incurred for counseling *** up to a maximum of $1,500 per year for each child" and "one half of the tuition for any private school *** up to a maximum of $300 per month for each child." In this case there is ample evidence in the record to show a need for possible counseling and private education. Furthermore, the order requires the respondent mother to share in the expense of the counseling and private education to insure that expenses are not incurred needlessly.

We now turn to the merits of petitioner's argument

concerning the modification of child support. Petitioner contends that the modification of the decree should be overturned because the increase in support is excessive. We disagree.

The modification of child-support payments lies within the sound discretion of the trial court, and the trial court's modification will not be disturbed on appeal, absent an abuse of discretion. (*In re Marriage of Kessler* (1982), 110 Ill. App. 3d 61, 73; *In re Marriage of Edelstein* (1980), 82 Ill. App. 3d 574, 576; *Imes v. Imes* (1977), 52 Ill. App. 3d 792, 796.) In setting the amount of child-support payments the court is to consider "all relevant factors, including:

> (1) the financial resources of the child;
> (2) the financial resources and needs of the custodial parent;
> (3) the standard of living the child would have enjoyed had the marriage not been dissolved;
> (4) the physical and emotional condition of the child, and his educational needs; and
> (5) the financial resources and needs of the noncustodial parent or parents." Ill. Rev. Stat. 1983, ch. 40, par. 505(a).

The parties stipulated that a material change in circumstances had occurred since the entry of the original decree. Petitioner also admits that the amount awarded for child support is within his means. Petitioner contends, however, that the trial court abused its discretion by setting the amount of the increase without considering the income of the custodial parent or the "shown needs" of the children. Petitioner argues that the trial court abused its discretion by considering only "the standard of living the children would have enjoyed had the marriage not been dissolved." Ill. Rev. Stat. 1983, ch. 40, par. 505(a)(3).

Petitioner's argument relies heavily on the fact that

the trial court found the "present combined ordinary expenses" of the children to be $1,690 monthly, exclusive of educational, health, orthodontic or emotional-care expenses. Petitioner argues that if these expenses are "assumed" to be the children's needed expenses, then the amount of support needed would only be $845 per month, per child, assuming the respondent contributed nothing to their support. Thus, petitioner contends that the trial court, by increasing his support payments to $900 per month per child, ignored the income of the custodial parent and the shown needs of the children.

The flaw in petitioner's argument is that he equates the "present combined ordinary expenses" of the children with the "needed expenses" of the children and assumes the trial court also meant to equate the two items in its order. The trial court's order does just the opposite. The trial court's order specifically states that the "present combined ordinary expenses" do not "reflect the benefits of the standard of living these children are entitled to enjoy." Furthermore, the trial court's order states that the present ordinary expenses do not set a limit on the petitioner's support obligation.

To accept petitioner's argument that a child is only entitled to receive support for his basic "shown needs" is to read the "standard of living the child would have enjoyed had the marriage not been dissolved" consideration completely out of the statute. A child is not expected to have to live at a minimal level of comfort while the noncustodial parent is living a life of luxury. (See *In re Marriage of Leva* (1983), 125 Ill. App. 3d 55, 57; *In re Marriage of Fairchild* (1982), 110 Ill. App. 3d 470, 477-78.) The child should not suffer because the custodial parent has a limited income. We decline to accept petitioner's argument that a child is only entitled to receive support for his "shown needs" when the noncustodial parent is obviously "enjoying" a standard of living far

above that of the child.

We also reject petitioner's argument that the trial court failed to consider the income of the custodial parent, the respondent. The trial court's order states that the petitioner has a net monthly income of $14,000 and the respondent a net monthly income of $2,342. Respondent's affidavit states that she and the children have combined living expenses of $4,840.20. We note that the trial court's list of the children's ordinary expenses does not include any overlapping benefits to the mother. For example, the amount listed for housing is only the amount attributable to the children, not the total cost of housing to the mother. Thus, the mother is paying for her own personal expenses out of her net monthly income of $2,342. In addition, we note that the respondent is required, under the modification order, to pay at least one-half of the cost of counseling, testing and other services related to the emotional or mental health of the children, and one-half of the tuition for any private school for either of the children. After reviewing these facts and the testimony and evidence introduced at the modification hearing, we cannot say that the trial court failed to consider the income of the respondent. Rather, the trial court reviewed the income and resources of both parties and concluded that the greater portion of the support of the children should be borne by the petitioner. (See *In re Marriage of Leva* (1983), 125 Ill. App. 3d 55, 57; *In re Marriage of Fairchild* (1982), 110 Ill. App. 3d 470, 477.) A review of the record shows that the trial court considered all relevant factors, including each of those specified in section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 505(a)). The trial court did not abuse its discretion by increasing petitioner's support payments to $900 per month, per child.

Petitioner next contends that the trial court erred by

ordering him to pay 90% of his former wife's attorney fees, costs and expenses incurred in this matter. Judgment was entered against petitioner in the amount of $10,092.33.

Petitioner contends that the circuit court was without authority to award attorney fees. The Illinois Marriage and Dissolution of Marriage Act provides:

"Sec. 508. Attorney's Fees.

(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse, which award shall be made in connection with the following:

(1) The maintenance or defense of any proceeding under this Act.

(2) The enforcement or modification of any order or judgment under this act other than the enforcement of a provision for child support." (Ill. Rev. Stat. 1983, ch. 40, par. 508.)

Thus the circuit court had the authority to award attorney fees.

Petitioner argues that attorney fees should not have been fixed in this matter and that even if they should have been fixed the amount was excessive. The petitioner has failed to argue, either in his brief or at oral argument, that the amount of time or the hourly rate awarded was excessive. Thus, the court's fixing of the hourly rate and amount of time expended are not at issue in this appeal.

The awarding of attorney fees and the proportion to be paid are within the sound discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion. (*Leader v. Cullerton* (1976), 62 Ill. 2d 483, 488; *In re Marriage of Edelstein* (1980), 82 Ill. App. 3d 574, 576-77.) The propriety of an award of attorney fees

is dependent upon a showing by the party seeking them of an inability to pay and a demonstration of the ability of the other spouse to do so. *In re Marriage of Rogers* (1981), 85 Ill. 2d 217; *In re Marriage of Weinberg* (1984), 125 Ill. App. 3d 904, 919.

In the present case the respondent has a net income, excluding child-support payments and social security benefits for the children, of $2,342 per month. Respondent and her children have combined monthly expenses of $4,840.28. The respondent is currently returning to college to finish work on her master's degree to improve her employment opportunities. The respondent owns no real estate and lists her net worth as $1,162.

The petitioner is a successful physician with an established practice and earns a net income of $14,000 per month. He owns a nine-acre farm with a 12-room house, a cabin on Lake Mattoon, a rental house, and an interest in the property where his clinic is located. Petitioner also has significantly greater investments than respondent. The petitioner listed his net worth in his first affidavit as $552,716 and on the second affidavit as $336,812. Petitioner explained that the difference in the two figures was due to his recent investment in a lumberyard which was not included on his second affidavit and the failure to include certain expenses on the first affidavit.

From a review of the record, including the facts listed here, we cannot say that the trial court abused its discretion in ordering the petitioner to pay 90% of respondent's attorney fees, costs and expenses.

For the reasons stated herein, we affirm the judgment of the circuit court of Champaign County.

*Judgment affirmed.*