**Letha Barnett, Appellant, v. Orval F. Barnett, Appellee.**

**Gen. No. 9,701.**

Heard in this court at the May term, 1950. Opinion filed May 22, 1950. Released for publication June 17, 1950.

J. W. TEMPLEMAN, of Springfield, for appellant.

JOHN P. SNIGG, of Springfield, for appellee.

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

Letha Barnett, plaintiff appellant, filed her petition in the circuit court of Sangamon county, Illinois,

against her former husband, Orval F. Barnett, defendant appellee, entitled, "Petition to fix expenses, money advanced by plaintiff and her attorneys and agents, attorney's fees, in Circuit Court, in Appellate Court and in the Supreme Court, in the trial of this case and court costs," in which the allowance of $2,828 was requested. The trial court allowed her the sum of $350 with reference to attorney's fees in a prior appeal to the Appellate Court, and denied relief otherwise. This appeal follows.

A detailed factual statement of the early history of this litigation beginning with the divorce in 1927 is unnecessary as it appears in the opinion filed in the case between the same parties, *Barnett v. Barnett,* 336 Ill. App. 601. It is sufficient to state that in this proceeding, wherein plaintiff is represented by another attorney, J. W. Templeman, recovery is first sought for $1,350 which she states includes $800 claimed by attorneys Sorling, Catron & Hardin for services in 1947 and 1948 in the circuit court in a proceeding to collect alimony and support money, $100 court costs, $300 expenses, and $150 traveling expenses. As to this portion of the petition, the trial court properly denied relief. It appears that upon a hearing for the allowance of fees and expenses in 1948 the trial court, after hearing testimony, disposed of the matter by allowing the plaintiff the sum of $200 for attorney's fees and the sum of $55 for court costs, which amounts were duly paid by defendant. The issue presented by this part of the petition is clearly *res adjudicata* and therefore properly rejected, in addition to the other reasons hereinafter discussed.

The second portion of the petition relates to the wife's appeal from the 1948 order of the circuit court to the Appellate Court, wherein petitioner now requests the allowance of $250 for expenses and $750 for her attorney's fees. In the appeal, the circuit court was substantially affirmed, except that plaintiff was

allowed interest on the accumulated alimony and support money then found to be due. The costs in the Appellate Court were assessed against and paid by defendant. (*Barnett v. Barnett,* 336 Ill. App. 601.) As to this part of the petition the trial court awarded her the sum of $350. No cross-appeal has been taken, so no discussion as to the propriety of the award at this late date is necessary. If proper, the amount was discretionary with the court, and it cannot be said to be unreasonable.

██ It appears from the third portion of the petition that plaintiff retained another attorney, W. F. Gray, for the purpose of filing a petition in the Supreme Court for leave to appeal from the above-mentioned Appellate Court decision, which petition was filed and denied. Her present petition asks for the allowance of $478 to cover money expended by her for expenses in the Supreme Court, travel expense, and attorney's fees. The trial court properly denied the relief requested.

Section 16 of chapter 40, Illinois Revised Statutes 1947 [Jones Ill. Stats. Ann. 109.183], provides in part as follows: "In all cases of divorce the court . . . may require the husband to pay to the wife . . . or may require the wife to pay to the husband . . . *during the pendency* of the suit such sum or sums of money as may enable her or him to *maintain or defend* the suit; . . . In case of appeal by the husband or wife, the Court . . . may grant and enforce the payment of such money for her or his *defense* . . . as to such Court shall seem reasonable and proper." (Italics added.)

██ In construing this section, it has been held that while, under proper circumstances, a wife might have obtained an order for the payment of fees *pendente lite,* upon failure to do so, then, that a subsequent application after the termination of the suit, comes too late. (*Womacks v. Womacks,* 125 Ill. App. 441; *Druce*

*v. Druce,* 313 Ill. App. 169.) When plaintiff filed this petition she had no action to "maintain or defend" as all the controversies between herself and her husband as to alimony and support money had been theretofore terminated, by reason of which her entire petition should have been stricken on motion. It is further noted with reference to her proceeding in the Supreme Court, that she filed the petition for leave to appeal, and she was not, as the statute provides, defending any decree or order in her favor. Under such circumstances there was no duty, even at that time, to allow her any expense money or attorney's fees for such purpose. (*Bissekumer v. Bissekumer,* 325 Ill. App. 257; *Seeger v. Seeger,* 154 Ill. App. 38.) In any event, allowances for fees and costs in actions of this type are not matters of right, frequently depending on the inability of the wife to pay the same, and rest in the sound discretion of the court. It cannot be said that such discretion was abused in this case. The plaintiff obviously did find means to finance the various steps of her litigation, including this appeal, and a retroactive allowance ought not to be made. It is also pertinent to note that the divorce was granted in 1927, twenty-three years ago; that in 1947 the two children of the couple were respectively thirty and thirty-five years of age, and that both plaintiff and defendant then lived in Texas. In the case of *Stoll v. Gottlieb,* 305 U. S. 165, 59 Sup. Ct. 134, it was stated: "It is just as important that there should be a place to end, as that there should be a place to begin litigation." This comment is applicable to the instant case.

The judgment of the circuit court is affirmed.

*Affirmed.*