MONA S. LAMKIN, Plaintiff-Appellant, *v.* THOMAS M. LAMKIN, Defendant-Appellee.

Fourth District   No. 13520

Opinion filed October 28, 1976.—Modified upon denial of rehearing December 3, 1976.

Barbara B. Hirsch, of Chicago, for appellant.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (Ralph Schroeder, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff wife was granted a divorce from her husband. She appeals various aspects of the property settlement and the decree. We affirm.

The specific questions raised on appeal are as follows: (1) Whether the terms of the decree are against the manifest weight of the evidence; (2) Whether the trial court erred in ordering the sale of the marital home; (3) Whether the trial court erred in entry of the written divorce decree after receipt of plaintiff's motions for substitution of counsel and to stay entry of the decree; (4) Whether the trial court had jurisdiction to vacate the stay order; and (5) Whether plaintiff is entitled to attorney's fees and costs for the appeal.

The parties had been married for 21 years at the time the complaint was filed. Five children were born of the marriage. Three of the children were over 18 years and two of those three were attending school full time. The two youngest children were both born with a substantial hearing loss. Mrs. Lamkin testified that she has been taking antidepressant medication since 1963 and had had a nervous breakdown after the birth of her fourth child. Mrs. Lamkin has a B.S. degree in physical education but has not taught since her marriage.

Mr. Lamkin is a lawyer, practicing in partnership with his brother. He testified that his income for 1974 was around $50,000. He also testified to debts of approximately $70,000, excluding the mortgage on the family residence. Mrs. Lamkin testified that she spent $30,000 on family expenses in 1974. The marital residence, an older home with 17 rooms, is very expensive to run, and costs about $1,000 a month including mortgage payments, insurance and maintenance.

The decree awarded a divorce to plaintiff, the grounds of which were not contested by defendant. Plaintiff was given custody of the two minor children. Defendant was ordered to pay $400 per month per child for child support for the minors and to continue paying the college expenses of the two oldest children. The medical expenses of the minors were to be divided between the parties. The court ordered the marital residence to be sold, with the proceeds to be used for partial or complete payment for a residence suitable for plaintiff and the children. Defendant was to make mortgage payments until the residence was sold, after which all expenses were the responsibility of plaintiff. Plaintiff also received periodic alimony of $200 per month.

■■ Plaintiff argues that this award is against the manifest weight of the evidence. She first argues that the "periodic" alimony was, in fact, alimony in gross and therefore totally inadequate considering the circumstances of the parties. This contention arises from the fact that the decree provides that the alimony payments are to stop in two years. The explanation for this is clearly to be found in the trial court's remarks. The husband has accumulated considerable debt. The two-year provision is for the purpose of allowing the husband to reduce the debt. After two years the situation is to be reconsidered. Certainly one way to insure

prompt reconsideration is to set a time limit to the alimony payments. These payments are labeled periodic, and the provision is aimed at addressing the factors to be considered in periodic alimony, namely the comparative needs and ability to pay of the parties.

■■■ The amount of an alimony award is a matter within the sound discretion of the trial court and its decision will not be disturbed unless it is contrary to the manifest weight of the evidence. (*Lieberman v. Lieberman* (1975), 25 Ill. App. 3d 654, 323 N.E.2d 785.) Defendant is a practicing lawyer. He testified that his income was about $50,000 in 1974 but that it fluctuates as much as $20,000 in a given year. He also testified that his estimated income tax would be about $15,000, and interest on $70,000 of indebtedness would be $4,000 to $5,000. He is also liable for $800 a month in child support plus college expenses for two children. Under these circumstances alimony of $200 a month is not an abuse of discretion. As is true in many cases, it is apparent that a family which has lived beyond its income cannot maintain that standard of living when two households must be maintained. (*Sandberg v. Sandberg* (1973), 11 Ill. App. 3d 495, 297 N.E.2d 654.) Plaintiff argues that the decree is deficient in that it is silent as to certain of defendant's solely owned property, *e.g.*, certain term life insurance, a boat, and some investment property. However, plaintiff has alleged no special equities in any of these items and accordingly cannot be heard to complain. None of the items generates sufficient income to change the overall picture.

The second issue raised is whether the trial court erred in ordering the sale of the marital home.

Plaintiff's complaint prayed for exclusive use of the marital home and its contents. Defendant's answer alleged that he had made all payments on the residence. No evidence was introduced as to the state of the title. The parties at trial agreed that the house was old, expensive to maintain and represented a drain on the family finances. Plaintiff testified that she believed the house should be sold, and if that were done, she would get another home. This is exactly what the decree provided for.

After the court's oral announcement of the terms of the decree, plaintiff discharged her attorney and hired another. This new attorney appeared before the court, after entry of the decree, and alleged that title to the home was solely in plaintiff's name and therefore it was error to order it sold. The deed was never made part of the record.

■■ The trial court suggested that plaintiff file a motion to vacate or reconsider, but plaintiff declined to do so. Consequently, on this record, the issue as posed by plaintiff is not before us on appeal since there is no evidence in the record as to the state of the title.

The trial court announced its ruling in open court on June 24, 1975, indicating that a written decree was to be filed. On July 14, 1975, the court

accepted the written decree tendered by defendant's counsel and it was signed and entered. At that time, the court noted three motions had been filed by Attorney Barbara Hirsch. The three motions were for substitution of counsel, for release of the exhibits and to stay entry of the decree. On July 17, 1975, Ms. Hirsch appeared and was substituted as plaintiff's counsel. Her motion to stay entry of the decree was denied in that the decree had already been entered. Plaintiff argues on appeal that the trial court erred in entering the decree, when a motion to stay entry was on file.

Plaintiff cites two cases: *Lynch v. Lynch* (1902), 99 Ill. App. 454, and *Pope v. Pope* (1973), 12 Ill. App. 3d 800, 299 N.E.2d 161. In *Lynch,* the wife's discharged solicitor, in her name, was suing the husband for his fees. The court held the lawyer had no right to sue in the wife's name when he did not have her consent. The case at bar is clearly distinguishable. The decree entered here was not submitted by the wife's discharged attorney.

In *Pope,* the trial court directed the attorneys to draw up a decree in favor of the wife at the close of the uncontested hearing. Before that was done, the parties reconciled. Several months later, defendant husband's motion for the entry of the decree was allowed. The wife argued that the decree should not have been entered because of condonation. The court accepted that argument.

■■ In the case at bar, plaintiff's motion to stay entry of the decree was filed on the same date the decree was entered. The motion, unlike the situation in *Pope,* was not based on a new defense to avoid entry of the decree. What the motion sought was essentially an opportunity for the new counsel to review the proposed decree and the record. When the motion was argued, counsel expressly declined to follow the court's suggestion that she file a motion to reconsider or to vacate the decree. Therefore although it may be argued that it would have been better procedure for the trial court not to enter the decree when a motion for substitution of counsel and to stay entry of the decree were on file, the trial court's entry of the order is not reversible error. Plaintiff cannot show prejudice when she was afforded the opportunity to present all her arguments by a motion to vacate and she refused to do so.

The fourth issue on appeal is whether the trial court had jurisdiction to vacate its order to stay enforcement of the decree.

On July 17, 1975, the trial court granted plaintiff's motion to stay enforcement of the decree. On July 31, 1975, after plaintiff's notice of appeal was filed, the court allowed defendant's motion to vacate the July 17 order.

Plaintiff argues that the filing of the notice of appeal deprived the trial court of jurisdiction and prevented it from vacating the stay order.

■■    The stay order was for a period of 60 days and it certainly was not extended or renewed. Considering this, and the fact plaintiff has sought and obtained a stay in this court, we believe the issue to be moot.

■■    Plaintiff prays that this court order a hearing on the award of fees and costs for pressing this appeal. Section 15 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 16) provides for the payment of attorney's fees on appeal as follows:

> "In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper."

It is clear that the statute provides that only the trial court can order the payment of attorney fees for an appeal. This court has no power to do so. Plaintiff had the opportunity to request such fees in the trial court but did not do so. Plaintiff therefore cannot raise the issue for the first time in this court. *Hokin v. Hokin* (1968), 102 Ill. App. 2d 205, 243 N.E.2d 579; *Barnett v. Barnett* (1950), 341 Ill. App. 26, 93 N.E.2d 93.

The trial court's decree provided that the marital premises were to be sold no later than January 1, 1976, and defendant was ordered to make all mortgage payments until the sale. On December 18, 1975, this court stayed that portion of the decree requiring sale by January 1, 1976, while continuing in effect that portion requiring defendant to make mortgage payments. The stay order of December 18, 1975, is hereby vacated and the cause remanded in order for the trial court to set a new date by which the house is to be sold and defendant relieved of his obligation to make further mortgage payments. In all other respects, the judgment of the circuit court is affirmed.

Remanded with directions.

CRAVEN, P. J., and REARDON, J., concur.