*In re* MARRIAGE OF MARY ELLEN BRENKACZ, Petitioner-Appellee, and THEODORE BRENKACZ, Respondent-Appellant.

Third District   No. 3—88—0558

Opinion filed July 13, 1989.

Richard C. Schoenstedt, of Gilbert & Schoenstedt, of Joliet, for appellant.

Leanne M. Lantz, of McSteen, Kozlowski & Polito, of Joliet, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Theodore Brenkacz appeals from a post-dissolution order entered by the circuit court of Will County on his petition to modify unallocated support and maintenance and on a petition filed by his former wife, Mary Ellen Brenkacz, to fix the parties' contributions for college expenses of their two sons. The order appealed from is dated July 25, 1988. In it, the court granted Theodore's petition to terminate unallocated family support and determined that maintenance should be paid in the amount of $672 per month—the same amount previously ordered to be paid as unallocated family support before the parties' youngest child, Theodore, Jr. (T.J.), attained age 18. The court reaffirmed a prior order directing Theodore to pay an additional sum representing $314 per month in unallocated family support accumulating from April 1988 and payable in a lump sum on October 1, 1989. The court further ordered Theodore to pay two-thirds of the college expenses of their older son, Craig, the balance to be paid by Mary Ellen; and the court reserved ruling on T.J.'s college expenses on the ground that T.J.'s plans for attending college in California in January 1989 were too remote in time.

Theodore contends that the court's order is against the manifest weight of the evidence because it requires him to contribute to Craig's college education and it fails to reduce the total monthly sum

he must pay upon his youngest child's emancipation.

Before addressing the parties' arguments, we must determine the grounds, if any, of our jurisdiction. Obviously, the court's July 25, 1988, order is not "final" in that it does not dispose of all matters presented for the circuit court's determination. The reservation of any judgment respecting T.J.'s college expenses precludes a finding that this order is appealable as of right under Supreme Court Rule 301 (107 Ill. 2d R. 301). Nor was there any attempt to advance the cause for interlocutory review pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)).

In *In re Marriage of Stockton* (1988), 169 Ill. App. 3d 318, 523 N.E.2d 573, an analogous procedural context was presented. There, the former husband petitioned the court for modification of child support and contribution for college expenses for the parties' oldest child. In an order entered July 16, 1987, the court set the rate for child support for the youngest child and stated that a further order regarding college expenses would be forthcoming. The order also stated that there was "no just reason *** to delay enforcement or appeal." A motion for reconsideration was denied; however, no further action was taken until September 9, 1987, when the court issued an order fixing the parties' contributions for college expenses. On October 1, the former wife appealed from both the July and September orders. 169 Ill. App. 3d at 321-22, 523 N.E.2d at 576.

On a challenge to the timeliness of the wife's appeal from the July order, the *Stockton* court determined that, regardless of the inclusion of Supreme Court Rule 304(a) language, that order was not in fact final as to a claim. The court's reasoning is instructive for purposes of this appeal and merits quotation.

"[W]e are passing upon two petitions which involve issues that affect one another. One petition asks for a reduction of child support, in part, because the daughter is attending college, thereby incurring significant educational expenses. The second petition requests contribution for the educational costs. The same evidence of the financial assets of the parties determines the result of each petition. The evidence was produced at one hearing. The court made its findings in its letter of June 26, 1987, and related the amount of child support for the youngest child to the added burden of paying for a year of college for the elder daughter. The matters are interrelated and dependent upon each other. They constitute a single claim, and Rule 304(a) has no application. It is only common sense that they be decided together. Therefore, we hold that *Leopando* [*In re*

*Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137] applies to post-dissolution proceedings. When a petition or petitions are filed which seek modification of issues determined in the dissolution proceedings, all matters which are interrelated, that is, where the resolution of one affects the outcome of the other, must be determined before an appeal may be filed." 169 Ill. App. 3d at 323-24, 523 N.E.2d at 577.

The court held, therefore, that an appeal from the July order would have been premature without a further order fixing the parties' contributions for college expenses.

In this case, the parties' petitions to modify support and to fix contributions for college expenses are similarly interrelated. The parties' income and expenses were finite amounts for which evidence was presented in the hearing on these petitions. The period for which the parties were ordered to contribute for Craig's college education extends well into the first college semester for which T.J. planned to enroll. Certainly it cannot be denied that the amount the court ultimately will order the parties to pay for T.J.'s education will depend to some degree upon the amount Mary Ellen receives in maintenance. Until such time as the court enters its ruling regarding the parties' contributions to T.J.'s college expenses, any appeal of this cause is premature. *Stockton*, 169 Ill. App. 3d 318, 523 N.E.2d 573.

In sum, we hold that the court's July 25, 1988, order is not final for purposes of appeal. Lacking jurisdiction to review, we hereby dismiss this appeal.

Appeal dismissed.

WOMBACHER, P.J., and STOUDER, J., concur.