*In re* MARRIAGE OF SCOTT BRESNAHAN, Petitioner-Appellant and Cross-Appellee, and CHARLENE BRESNAHAN, Respondent-Appellee and Cross-Appellant.

Second District   No. 2—89—0017

Opinion filed October 2, 1989.

John B. Clarke, of John B. Clarke & Associates, of Arlington Heights, for appellant.

Michael J. Evans, of O'Brien, Hanrahan, Wojcik & Fay, of Woodstock, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Petitioner, Scott Bresnahan, appeals from an order of the circuit court of McHenry County in post-dissolution of marriage proceedings requiring that visitation between petitioner, the noncustodial parent, and his son Aaron Bresnahan be in the presence of one of the paternal grandparents and subject to supervision by the Illinois Department of Children and Family Services (DCFS) and Wisconsin Social Services. Respondent, Charlene Bresnahan, the former spouse, has filed a cross-appeal; however, as she has not requested any relief from the judgment below in her appellate brief, we dismiss the cross-appeal.

The only issue raised on appeal is whether the circuit court erred in restricting visitation between petitioner and Aaron, after having found that visitation would not seriously endanger the child's physical, mental, moral or emotional health.

■ At the outset, we note that petitioner has failed to comply with our supreme court rules in the preparation of his appellate brief. The statement of facts in petitioner's brief does not sufficiently present the facts necessary to an understanding of the case and does not contain adequate citations to the record as required by Supreme Court Rule 341(e)(6) (107 Ill. 2d R. 341(e)(6)). The argument section of petitioner's brief contains lengthy excerpts from the proceedings below in violation of Supreme Court Rule 341(e)(7) (107 Ill. 2d R. 341(e)(7)). Finally, the appendix does not contain a copy of the judgment appealed from or the notice of appeal as required by Supreme Court Rule 342(a) (107 Ill. 2d R. 342(a)).

Nonetheless, we have thoroughly reviewed the record, which establishes the following facts. Petitioner filed a petition for dissolution of marriage against respondent, Charlene Bresnahan, n/k/a Charlene Johnson, on November 10, 1983. On March 8, 1984, respondent filed a counterpetition for dissolution of marriage. Thereafter, the parties executed a marital settlement agreement providing for, *inter alia*, distribution of property and custody of the parties' minor child, Aaron. The agreement provided that upon dissolution of the marriage respondent would have custody of Aaron and would be permitted to reside with Aaron on Washington Island, Wisconsin, until Aaron's fourth birthday, at which time respondent agreed to move within 100 miles of Woodstock, Illinois. The agreement set forth a schedule for visitation providing petitioner with nine days' visitation per month.

On May 2, 1985, a judgment of dissolution of marriage was entered incorporating the agreement.

Thereafter, on June 9, 1987, respondent filed a petition to modify the visitation and relocation provisions of the agreement. On June 24, 1987, respondent filed a motion to suspend visitation during the pendency of criminal proceedings against petitioner in connection with alleged sexual abuse of other children and, in an amended motion, alleged that an investigation conducted by Court Services of Door County, Wisconsin, disclosed signals that Aaron had been sexually abused. On August 18, 1987, the circuit court entered an order requiring the DCFS to conduct an investigation of possible sexual abuse of Aaron, providing for DCFS supervision of visitation until further order of the court, and continuing the matter until September 29, 1987. On January 8, 1988, respondent also filed an amended petition for visitation.

Numerous continuances were subsequently entered and other motions decided during this time. On October 14, 1988, petitioner filed a petition seeking custody of Aaron and, alternatively, to reinstate and set his visitation rights. Thereafter, on October 24, an evidentiary hearing commenced on the matter of respondent's January 8, 1988, petition for visitation only. At the conclusion of the hearing, the trial judge acknowledged the pendency of respondent's petition to modify the settlement agreement filed June 9, 1987, and petitioner's petition for custody filed October 14, 1988. The trial court found that visitation would not seriously endanger Aaron's physical, mental, moral, or emotional health and on January 20, 1989, entered the order appealed from setting forth a schedule for visitation requiring the presence of one of the paternal grandparents and providing for supervision by DCFS and Wisconsin Social Services. The court further ordered that visitation be reviewed on August 17, 1989.

■■ ■ Although neither party raises the issue of this court's jurisdiction to review the order of January 20, 1989, we have a duty to consider jurisdiction and dismiss an appeal if jurisdiction is wanting. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252; *Voiland v. Warsawsky* (1989), 182 Ill. App. 3d 332, 334, 538 N.E.2d 764.) The appellate court lacks jurisdiction, subject to certain exceptions, to review judgments or orders which are not final. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480; *In re Marriage of Spizzo* (1988), 168 Ill. App. 3d 487, 492, 522 N.E.2d 808.) To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court need only proceed with execution of the judg-

ment. *Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 115, 518 N.E.2d 116; *In re Marriage of Spizzo*, 168 Ill. App. 3d at 492, 522 N.E.2d at 811.

■ In view of the pending matters in this case, we conclude that we are without jurisdiction to hear this appeal. In *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137, our supreme court addressed the appealability of orders determining matters ancillary to a claim for dissolution of marriage. The court stated:

"A petition for dissolution advances a single claim; that is, a request for an order dissolving the parties' marriage. The numerous other issues involved, such as custody, property disposition, and support are merely questions which are *ancillary* to the cause of action. [Citation.] They do not represent separate, unrelated claims; rather, they are separate issues relating to the *same* claim." (Emphasis in original.) 96 Ill. 2d at 119, 449 N.E.2d at 140.

*Leopando* involved a judgment of dissolution awarding custody of the parties' child to the defendant, but reserving the issues of maintenance, property division, and attorney fees for future determination. The court announced a prospective rule that in such circumstances the custody order is not a final judgment as to a separate claim in a dissolution proceeding, and is not appealable under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). *Leopando*, 96 Ill. 2d at 120, 449 N.E.2d at 140.

While our supreme court stated in *In re Custody of Purdy* (1986), 112 Ill. 2d 1, 5, 490 N.E.2d 1278, that *Leopando* does not govern post-dissolution proceedings, the court further determined that the kind of piecemeal litigation the decision in *Leopando* was intended to prevent did not occur in *Purdy* because the issue of custody and *"all* related claims" had been decided. (Emphasis in original.) (112 Ill. 2d at 5, 490 N.E.2d at 1280.) Subsequently, in *In re Marriage of Stockton* (1988), 169 Ill. App. 3d 318, 523 N.E.2d 573, the appellate court held that the *Leopando* reasoning applied where, following a final judgment of dissolution, several post-dissolution petitions addressing interrelated matters are filed. In *Stockton*, it was held that the related matters in post-dissolution proceedings constitute a single claim and no appeal would lie prior to resolution of all related matters. 169 Ill. App. 3d at 323-24, 523 N.E.2d at 577; see also *In re Marriage of Johnson* (1989), 187 Ill. App. 3d 94, 97; *In re Marriage of Brenkacz* (1989), 185 Ill. App. 3d 606, 541 N.E.2d 838.

■ In the instant case, matters closely related to the issue of visitation are pending. Petitioner's petition for custody, if granted, would

necessarily supersede the order appealed from. Similarly, if the court grants respondent's petition to modify the judgment of dissolution with respect to visitation and relocation, apparently for reasons independent of the allegations of sexual abuse, the order appealed from may be affected. Accordingly, we hold that the order of January 20, 1989, is not a final order from which an appeal would lie. Therefore, the appeal and the cross-appeal are dismissed.

Appeal and cross-appeal dismissed.

UNVERZAGT, P.J., and WOODWARD, J., concur.